IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY LODGE,<br>Plaintiff, | CIVIL ACTION NO.<br>1:06-CV-591-MHS |
| v. | |
| FULTON COUNTY JAIL,<br>Defendant. | MANDAMUS ACTION<br>28 U.S.C. § 1361 |

## ORDER

Plaintiff, Ricky Lodge, presently confined at the Fulton County Jail ("Jail") in Atlanta, Georgia, has submitted a letter that the Clerk of this Court has docketed as a 28 U.S.C. § 1361 petition for a writ of mandamus against the Jail. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no

AO 72A
(Rev.8/82)

set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In this action, Plaintiff states that he has been confined in the Jail since August 25, 2005, and that he missed a state court hearing to answer for several criminal charges. Plaintiff complains that the state court judge has ignored a motion filed by Plaintiff in his court. Plaintiff further appears to complain that his public defender has refused to obtain a court date for Plaintiff. Although somewhat unclear, Plaintiff appears to ask this Court to compel various state officials, including the state court judge, to consider his motion and provide him with an opportunity to either appear in court or obtain bond.

Liberally construed, Plaintiff seeks relief in the nature of a writ of mandamus. Federal district courts are granted jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court, however, has no general power to issue writs of mandamus to direct a state official in the performance of his or her official duties. See Moye v. Clerk, DeKalb Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[1] Davis v. Lansing, 851 F.2d 72, 74 (2d

---

[1] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

2

Cir. 1988); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F.Supp. 501, 504 (N.D. Ga. 1980), aff'd 644 F.2d 434 (5th Cir. 1980). Accordingly, Plaintiff is not entitled to any mandamus relief.

Moreover, this Court is prohibited from inquiring into Plaintiff's claims by the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37, 43-44 (1971). In Younger, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 244 (1926)). Extraordinary circumstances may justify intervention in circumstances where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46.

In this case, Plaintiff fails to allege any facts to show that his claims cannot be raised before the proper Fulton County court. Plaintiff's allegations in the instant action, therefore, do not present the kind of special circumstances or irreparable harm that would justify federal court intervention into his ongoing state criminal proceeding

at this time. Accordingly, the <u>Younger</u> abstention doctrine bars any request which would affect the ongoing criminal prosecution.

### Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this ____ day of _____, 2006.

```
_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE
```